BOLIN, Judge.
On April 17, 1968, while driving a community-owned automobile, Mrs. Brantley’s vehicle was struck by a car driven by Albert McKee, owned by Gay’s Tractor and Implement Company, Inc. and insured by Employers’ Liability Assurance Corporation, Ltd. Liability was admitted and the case was tried on the sole issue of quantum. Judgment was rendered in favor of Mrs. Brantley for $5,000 for personal injuries, and in favor of her husband, Kenneth M. Brantley, for $1,313.85 for community expenses and loss of wages of the wife. The judgment was in solido against defendant driver, his employer and its insured. Defendants appeal and plaintiffs neither appeal nor answer the appeal.
The sole issue is whether either award is excessive.
At the time of the accident Mrs. Brantley was forty years of age and apparently in good health and physical condition. She was employed as an inspector by Lamont Glove Factory in Oak Grove, Louisiana. Her average rate of pay was $1.92 per hour. Immediately after the collision she was taken to a local hospital where she remained overnight and was released the next day. Her injuries were painful, consisting of numerous abrasions, bruises and lacerations requiring some suturing. The most serious injuries were those in the areas of her neck, back and knees. She was treated by a general practitioner for several weeks and then consulted an orthopedic surgeon in Greenville, Mississippi.
Without belaboring the point by a detailed analysis of Mrs. Brantley’s personal injuries, we find the award of $5,000 for her injuries most modest. The medical testimony convinces us she was still experiencing difficulty in the region of her low back on June 16, 1969, the date of trial. The orthopedist testified she had a five to ten per cent permanent partial disability of the body as a whole.
Louisiana Civil Code Article 1934 (3)provides that in assessing damages for a tort “much discretion must be left to the judge or jury”. Being mindful of this codal provision and having a firm conviction that it is the duty of our courts to take a realistic approach to the quantum of awards in view of the deflated value of the dollar, we conclude the trial court did not abuse its discretion in awarding Mrs. Brantley $5,000 for her injuries.
The judgment appealed from specifies Mr. Brantley was awarded $1,313.85, representing $909.60 for loss of wages to Doris Brantley, $224.25 for medical expenses, $100 deductible cost for repairing the automobile and an additional $80 for repairs to the car. The award for medical expenses is amply supported by the record. Mr. Brant-ley had collision insurance on his car and it was repaired. His insurer paid the repair bill directly to the automobile body shop (less $100 deductible). Brantley testified he had to spend an additional $80 to have his car properly repaired. Defendants strenuously object to being cast for this additional $80 but they offered no contradictory evidence to show the money was not actually spent by Brantley, or that the expenditure was unnecessary to restore his car to good condition. We find the $180 award was proper.
*827 The most serious argument advanced by appellants, regarding the amount awarded to Mr. Brantley, relates to the sum of $909.60 for loss of wages by Mrs. Brantley. She was admittedly required to be off from work three weeks immediately following the accident because of her injuries. Her foreman testified she was a good worker before the accident; that he finally gave her a 90-day sick leave on September 13, 1968, and that she never returned to work. Based on a 40-hour work week her average weekly income was $76.80. Even though the medical evidence is conflicting as to when she was able to return to work without substantial pain, a careful reading of the entire record satisfies us her injuries caused her to lose wages in excess of the amount awarded by the lower court.
For the reasons assigned the judgment is affirmed at appellants’ cost.